(82 App. Div. 11.)

CARENA v. ZANMATTI et al.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. MASTER AND SERVANT—VICIOUS HORSE—DAMAGES—LIABILITY—QUESTION FOR JURY.

　　Where a boy 13 years of age, hired to go with a delivery wagon and see that nothing was taken therefrom during the absence of the driver, while on the seat of the wagon, performing such work, was kicked and severely injured by the horse attached to the wagon, and there was testimony of three witnesses as to the previous vicious character of the

horse, and of the employer's knowledge thereof, and no evidence that the boy knew or was informed of such viciousness, or put on his guard as to the danger, the question of the employer's liability for the damages was for the jury.

Appeal from Special Term, New York County.

Action by Matthew Carena, by Domenico Carena, his guardian ad litem, against Albert Zanmatti and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

George H. Hart, for appellant.

Isaac Josephson, for respondents.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff by reason of defendants' negligence. The particular act of negligence alleged was that the defendants hired the plaintiff, a boy 13 years of age, to go with a delivery wagon, and see that nothing was taken from it in the absence of the driver; that attached to the wagon was a vicious horse, and, while the plaintiff was performing the work assigned to him, the horse kicked and broke one of plaintiff's legs. At the close of plaintiff's case the complaint was dismissed, and he has appealed from the judgment thereafter entered.

We think the court erred in dismissing the complaint. Three witnesses were produced, each of whom testified as to the previous vicious character of the horse: (1) Comparato, who testified that he had seen the horse kick many times when attached to the wagon, and he had also seen one of the defendants leave their store and take the horse by the bridle, and endeavor to stop him; (2) Farrel, who testified that he had also seen the horse, while standing in front of the defendants' place of business, and attached to the wagon, frequently do the same thing; and (3) Carena, who testified that one of the defendants had told him that the horse was wild, and they would have to put him in with another horse to break him in and "get him tamed down." If the testimony of these witnesses were true, then, clearly a question of fact was presented as to whether the defendants had performed the duty which rested upon them in furnishing the plaintiff a reasonably safe place to do his work. There was no dispute but what the plaintiff was seriously injured, and when he was injured he was in the place where the defendants put him, viz., upon the seat of the delivery wagon. Nor was there any evidence to the effect that the plaintiff was informd as to the vicious character of the horse, or put upon his guard as to the danger which he encountered in this respect. Under such circumstances we are of the opinion that it was for the jury to say whether the defendants were liable for the damages sustained by the plaintiff.

The judgment, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.